FILED
2009 Dec-18 AM 09:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LINDA LEA GANT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:07-CV-638-BE |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This case is before the court on "Motion for Award of Attorney's Fees" (doc. 13); and "Amended Motion for Award of Attorney's Fees" (doc. 17). Because the first motion for attorney's fees attached an affidavit reflecting that some of the fees requested were for services rendered before the Commissioner and not this court, the court entered an Order (doc. 16) requiring counsel for the Plaintiff to revise and resubmit the motion for attorney fees and supporting affidavit. Plaintiff's Amended Motion was a timely response to that Order, and the court deems the first motion to be incorporated into the second. For the reasons stated in this Memorandum Opinion and Order, the court finds that the Motion for Award of Attorney's Fees (doc. 13) as amended (doc. 17) is due to be GRANTED IN PART and DENIED IN PART.

Plaintiff attaches records reflecting 40.9 hours spent at the district court level and separate records reflecting 43.9 hours spent at the administrative level. She also attaches the fee agreement between the Plaintiff and her counsel approving an attorney fee of "equal to 25% of

1

the total amount of such past due benefits recovered on behalf of the Client." (doc. 18, at 20). Further, the petition attaches a letter from the Social Security Administration dated September 29, 2009, stating the amount of past due benefits, and advising that it had withheld $16,532.60 from the past-due benefits to pay attorneys fees. (doc. 18, at 24). The letter also advised Plaintiff that if her "lawyer wants to charge a fee, a request to have it approved should be sent to us [the Social Security Administration] right away," and that her lawyer should send a petition to the district court for attorney's fees regarding services *before the court.* (doc. 18, at 24) (emphasis added). However, as the Administration pointed out in its response to the first motion, Plaintiff's original petition to this court was not limited to services *before the court*. Even in the amended petition, Plaintiff – despite separating the billing records at the court and administrative level – nevertheless requests that this court award fees that also include services at the administrative level on remand *or* state in its order that she must file a separate fee petition with the Commissioner for such services.

  In light of Plaintiff's plea for guidance on this issue, the court waited for the Administration to respond to the second motion, and eventually learned that the Administration would file a response. However, the one-page response – filed nearly a month after the amended motion – merely acknowledged both the presumptive reasonableness of the 25% contingency fee agreement and the court's independent duty to review the reasonableness of the fee, but took no position with respect to the amended motion.

  Having thus waited in vain for the Administration to take a position, the court will proceed to address the amended petition. First, the court confirms that it may only determine the value of the services rendered at the district court level, and that it "is without jurisdiction to

the total amount of such past due benefits recovered on behalf of the Client." (doc. 18, at 20). Further, the petition attaches a letter from the Social Security Administration dated September 29, 2009, stating the amount of past due benefits, and advising that it had withheld $16,532.60 from the past-due benefits to pay attorneys fees. (doc. 18, at 24). The letter also advised Plaintiff that if her "lawyer wants to charge a fee, a request to have it approved should be sent to us [the Social Security Administration] right away," and that her lawyer should send a petition to the district court for attorney's fees regarding services *before the court.* (doc. 18, at 24) (emphasis added). However, as the Administration pointed out in its response to the first motion, Plaintiff's original petition to this court was not limited to services *before the court*. Even in the amended petition, Plaintiff – despite separating the billing records at the court and administrative level – nevertheless requests that this court award fees that also include services at the administrative level on remand *or* state in its order that she must file a separate fee petition with the Commissioner for such services.

  In light of Plaintiff's plea for guidance on this issue, the court waited for the Administration to respond to the second motion, and eventually learned that the Administration would file a response. However, the one-page response – filed nearly a month after the amended motion – merely acknowledged both the presumptive reasonableness of the 25% contingency fee agreement and the court's independent duty to review the reasonableness of the fee, but took no position with respect to the amended motion.

  Having thus waited in vain for the Administration to take a position, the court will proceed to address the amended petition. First, the court confirms that it may only determine the value of the services rendered at the district court level, and that it "is without jurisdiction to

award fees for professional representation in the administrative proceedings." *Gardner v. Mitchell*, 391 F.2d 582 (5th Cir. 1968); *see also* U.S. Attys Man. 4-6.398 (2009) ("The majority rule is that the court can award fees only for services rendered in connection with proceedings before the court and may not award fees for services before the Social Security Administration."). The "authority to award an attorney's fee for representation of a claimant before the Secretary [is] granted by 42 U.S.C. s [sic] 406(a) to the Secretary alone." *Caldwell v. Califano*, 455 F. Supp. 1069, 1070 (N.D. Ala. 1978). Therefore, the court can only consider in its award the services that Plaintiff's counsel lists on pages 2-3 of the petition under "In Court Time." To request fees for services rendered at the administrative level, Plaintiff must timely petition the Secretary of the Administration, as stated in the September 29, 2009 letter.

      Second, the court must determine the reasonableness of the fee request for services before this court. The court has reviewed the records in the "In Court Time" section, which include 40.9 hours before the court. Included in that amount is 7.3 hours for reviewing the administrative transcript in preparation for drafting the brief and then 20 hours writing the brief itself: a total of 27.3 hours. The court has received numerous fee petitions in the last year for work on social security appeals. The other 2009 petitions record hours for the briefing process ranging between 9 and 11 hours. In the instant case, the Plaintiff's brief was better than most submitted in Social Security cases, but the hours requested are well outside the normal range. Having considered the high quality of the Plaintiff's brief, the court reduces the 27.3 hours spent reviewing the transcript and drafting the brief to 15 hours, reducing the total hours to 28.6. For this particular case, the court finds in its discretion that 28.6 hours is reasonable.

The court must also determine the reasonable rate, and notes that the hourly rate of the previous 2009 Social Security attorney petitions that this court has deemed reasonable range between $163.37 and $173.87.  Paragraph 9 of the amended petition states that if Plaintiff's attorney's work were based on an hourly rate, that rate would be equivalent to approximately $175.00 per hour.  The court finds that, in light of the quality of work and the local market rate for attorneys with comparable experience and expertise,  $175.00 per hour would be a reasonable rate for the services before this court.

The Supreme Court, in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), abrogated *Kay v. Apfel*, 176 F.3d 1322 (11th Cir. 1999), and held that a 25% contingency fee agreement under 42 U.S.C. 406(b) is presumptively reasonable, subject to "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807.  The court has reviewed the terms of the fee agreement, the record of attorney services rendered, the letter from the Social Security Administration to the Plaintiff dated September 29, 2009, the information in the petition for attorneys fees, and the docket sheet for this case.  Based on that review, the court finds that a fee of $5,005.00 is reasonable and appropriate in this particular case for the services rendered before this court.

Accordingly, the court finds that the motion is due to be granted to this extent: it authorizes an attorney's fee of $5,005.00 for services rendered before this court.

Dated this 18th day of December, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE